**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILLIAM MANN LUKSIC,

Defendant.

CASE NO. 09CR2197WQH
CASE NO. 11CV1861WQH

ORDER

HAYES, Judge:

The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. (ECF No. 66). Defendant moves the court to modify his sentence on the grounds that he was denied effective assistance of counsel, his prison term was unreasonable, and the Court violated his Fifth Amendment right to Due Process by imposing sentencing enhancements. The Court finds that the issues raised in the petition are appropriate for summary disposition.

**APPLICABLE LAW**

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

**RULING OF THE COURT**

In this case, the record conclusively shows that the Defendant has waived his right to appeal or collaterally attack his conviction and sentence in the plea agreement. The plea agreement stated in relevant part as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, *any right to appeal or to collaterally attack the conviction and sentence*, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal his sentence only, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived. If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

(ECF No. 30 at 12-13.) Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). "A general waiver of appeal in a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 508 U.S. 979 (1993) (allowing defendant to waive the statutory right to file a § 2255 petition challenging the length of his sentence). The Ninth Circuit qualified this waiver for claims of "ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

In this case, Defendant's ineffective assistance of counsel claim pertains to failure to file a notice of appeal, not his guilty plea or plea agreement. (ECF No. 66). The waiver of collateral attack upon the sentence is clear, express and unequivocal. Defendant waived his right to collaterally attack his sentence in a 2255 proceeding, unless the Court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing. The guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing was 188-235 months. (ECF No. 40). The Court imposed a sentence of 144 months, which is lower than the low end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing. (ECF No. 54). Therefore, the Defendant waived his right to collaterally attack the sentence in the plea agreement.

IT IS HEREBY ORDERED that the Motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 (ECF No. 66) filed by Defendant is denied.

DATED: February 22, 2012

**WILLIAM Q. HAYES**
United States District Judge